UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUNRICH, INC., a Minnesota Corporation, | Case No. CV 01-1108 |
| Plaintiff, | ORDER REGARDING ATTORNEY FEES, COSTS AND EXPENSES |
| v. | |
| PACIFIC FOODS OF OREGON, INC., an Oregon Corporation, | |
| Defendant. | |

HAGGERTY, Chief Judge:

On March 24, 2005, this court issued an Order (Doc. # 675) awarding plaintiff a total of $97,958.80 for fees, costs, and expenses associated with defendant's discovery violations, and also allowing plaintiff sixty days within which to file an amended application for attorney fees and expenses. On May 23, 2005, plaintiff filed its Amended Motion for Attorney Fees. This court has carefully examined this Amended Motion and the parties' related briefing, and resolves the remaining fee issues as follows:

Page - 1 - ORDER REGARDING ATTORNEY FEES, COSTS AND EXPENSES

In plaintiff's initial application, it sought attorney fees in the amount of $1,119,121.90. After this court's ruling on March 24, 2005, plaintiff revised its request and now seeks fees in the amount of $862,602.55 and costs in the amount of $36,885.69.  Defendant renews objections to these requests.  These objections are sustained in part.

First, the court notes that in its Amended Motion, plaintiff seeks the costs associated with discovery depositions, despite this court's previous rejection of such costs.  *See* Order of March 24, 2005, Doc. # 675 at 3-4.  Defendant's renewed objections to these costs are sustained.

Second, this court notes that plaintiff's Amended Motion departs in several other significant ways from the rulings and guidance mandated in the March 24 Order.  Specifically, the amended fee request does not appear limited to the trade secrets claim.  It also fails to provide a sufficiently specific description of tasks recorded by plaintiff's counsel.  This failure exacerbates the difficulty in assessing the reasonableness of the time requested, and in determining whether the fees requested are properly limited to the trade secrets claims.  This court agrees with the view that this action was a breach of contract case primarily, and the successful trade secrets claim was advanced secondarily.  An award of fees must, therefore, represent a fair allocation of the time spent litigating the trade secrets claim.  *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997).  Plaintiff's submissions have rendered this task needlessly difficult.

After considering the arguments presented, and comparing them to the positions adopted by the parties previously, this court concludes that defendant's objections are well-taken.  In light of this court's prior rulings, plaintiff's renewed fee application is construed as being contradicted by its certification to the Securities and Exchange Commission (SEC).  Moreover, defendant

correctly challenges issues pertaining to possible duplication billing or excessive billing. In sum, the court has scrutinized the record, including the documents identifying the fees claimed, the underlying trial in this matter, and the parties' briefs and submissions. This scrutiny also includes plaintiff's proposed division of fee and hourly calculations in its first filings with the court, plaintiff's supplemental submissions, and defendant's objections pertaining in particular to generalized time entries, multiple attorney conferences, clerical or paralegal work performed by attorneys, and duplication of effort. Following this scrutiny, this court concludes that a proper award of fees to plaintiff in this matter is $175,000.00 in attorney fees and $5,000.00 in expenses. These sums are in addition to the $97,958.80 previously awarded plaintiff.

CONCLUSION

After consideration of plaintiff's Amended Motion for Attorney Fees (Doc. # 685), and a careful examination of the parties' related briefing, this court concludes that plaintiff is entitled to an award of fees in the amount of $175,000.00, plus $5,000.00 in costs. These sums are in addition to the $97,958.80 awarded previously to plaintiff.

IT IS SO ORDERED.

DATED this ____3____ day of November, 2005.

__/s/Ancer L.Haggerty_____
Ancer L. Haggerty
Chief U. S. District Court Judge