UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUNRICH FOOD GROUP, INC.,
a Minnesota corporation,                                  Civil No.  01-1108-HA

               Plaintiff,                        ORDER REGARDING
                                                          ATTORNEY FEES, COSTS,
       v.                                             AND EXPENSES

PACIFIC FOODS OF OREGON, INC.,
an Oregon corporation,

               Defendant.

_____

HAGGERTY, Chief Judge

     This matter is before the court following the Ninth Circuit's remand seeking a

determination of plaintiff's Motion and Application for Attorney Fees, Costs, and Expenses

[633], plaintiff's Amended Motion for Attorney Fees Pursuant to the Oregon Uniform Trade

Secrets Act and the Court's March 24, 2005 Order [685], and plaintiff's Supplemental Motion for

Attorney Fees, Costs, and Expenses [736].  Oral argument on these matters is deemed

unnecessary.

ORDER  --  1

**BACKGROUND**

At the outset, this court is compelled to clarify the posture of rulings and the reasoning supporting those rulings as summarized previously by the Ninth Circuit. This is in accordance with guidance provided in the Ninth Circuit's ruling that instructed that upon the "remand for recalculation of attorneys' fees . . . the district court should clarify" its reasoning underlying the individual objections regarding a fees award. *Sunrich Food Group, Inc. v. Pacific Food of Oregon, Inc.*, Nos. 05-35152, 05-36171, 2006 WL 2927408, at *5 (9th Cir. October 12, 2006).

Specifically, the Ninth Circuit was troubled by this court's discussion that a fee award under the circumstances presented in this case "had to 'represent a fair allocation of the time spent litigating the trade secrets claim.'" *Id*. at *4 (quoting this court's November 3, 2005 Order [723] Regarding Attorney Fees, Costs and Expenses at 2). The Ninth Circuit construed this partial quote from the November 3, 2005 Order as indicating that this court "apparently believed it could only award fees pertaining *exclusively* to the OTSA [Oregon Trade Secret Act] claim, which is incorrect under Oregon law." *Id*. (emphasis in original).

However, this court did not believe it could only award fees exclusively to the OTSA claim. The relevant passage from the November 3, 2005 Order provides:

> this court notes that plaintiff's Amended Motion departs in several other significant ways from the rulings and guidance mandated in the March 24 Order. Specifically, the amended fee request does not appear limited to the trade secrets claim. It also fails to provide a sufficiently specific description of tasks recorded by plaintiff's counsel. This failure exacerbates the difficulty in assessing the reasonableness of the time requested, and in determining whether the fees requested are properly limited to the trade secrets claims. This court agrees with the view that this action was a breach of contract case primarily, and the successful trade secrets claim was advanced secondarily. An award of fees must, therefore, represent a fair allocation of the time spent litigating the trade secrets claim. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*,

ORDER -- 2

122 F.3d 1211 (9th Cir. 1997). Plaintiff's submissions have rendered this task
needlessly difficult.

November 3, 2005 Order at 2.

This passage pertains to this court's prior Order issued on March 24, 2005 [675]. In that

Order, this court acknowledged that it was exercising the discretion permitted to it in

determining fee awards:

> Plaintiff also seeks attorney fees under O.R.S 646.467, the Oregon Trade Secrets
> Act. This is a discretionary statute. The jury returned a verdict for plaintiff under
> the Act and the court will exercise its discretion and award plaintiff attorney fees
> on this claim. The court is aware of the rule that plaintiff may recover attorney
> fees for time expended on claims which are related to plaintiff's successful claims.
> However, the court granted defendant's motion for summary judgment on most of
> plaintiff's claims, leaving only the breach of contract claims and the trade secrets
> claim. Therefore, the court has limited plaintiff's recovery of attorney fees to the
> trade secrets claim. Because the court cannot decipher plaintiff's request as
> limited, plaintiff is given sixty days to resubmit its request.

March 24, 2005 Order at 3.

As this court intended, a fee award in this matter would be derived from time expended

on aspects of claims that plaintiff asserted successfully. Within those parameters, the court

exercised its discretion to limit fee recovery to plaintiff's trade secrets claim (specifically, the

"half-gallon opportunities" aspect of that claim, *see below*) and expenses associated with

litigating related factual and legal issues. The court understood that a fee award need not be

based upon the OTSA claim exclusively.

**ANALYSIS**

**1.      Attorney Fees**

With those clarifications, the court proceeds to resolve the pending fee motions within

the scope of the Ninth Circuit's most recent rulings in this matter. The Ninth Circuit disagreed

ORDER -- 3

with this court's analysis regarding the question of whether plaintiff established that "half-gallon

opportunities" at issue in this litigation constituted a "trade secret."  The Ninth Circuit reasoned:

> Trader Joe's was already purchasing half-gallons from another soy producer, and
> Trader Joe's interest in a half-gallon size product was "generally known to the
> public" and not a "trade secret" under the Oregon Trade Secret Act ("OTSA").
> Trader Joe's also disclosed its dissatisfaction with its current half-gallon vendor in
> front of Pacific, who was not restricted from competing . . . under the terms of the
> Packing Agreement.  The district court should have granted Sunrich's [*sic*] motion
> for judgment as a matter of law on this issue.

*Sunrich Food Group*, 2006 WL 2927408, at *2.  Although the Ninth Circuit referred to

"Sunrich's" motion for judgment as a matter of law, the context of its reasoning plainly

establishes that it intended to refer to the Motion for (1) Judgment as a Matter of Law, (2)

Motion to Alter (Vacate) the Judgment and (3) Reconsideration of the Court's Award of

Prejudgment Interest [627] filed by defendant Pacific.

     In light of this guidance from the Ninth Circuit that plaintiff's trade secret claim

pertaining to "half-gallon opportunities" was never established, this court concludes that a

discretionary award of attorney fees to plaintiff on its trade secret claim (and other related

litigation) is unwarranted.  This court's prior exercise of discretion regarding a fee award was

grounded wholly upon the perceived merit of the "half-gallon opportunities" aspect of the trade

secret claim.

     A denial of an award of attorney fees is appropriate notwithstanding defendant's

acknowledgment that plaintiff's pricing and margin information could be considered a trade

secret.  *See Sunrich Food Group*, 2006 WL 2927408, at *1 ("Pacific concedes that Sunrich's

pricing and margin information (*i.e.*, Pacific's price to Sunrich for manufacturing and packing its

Soy-Um and Rice-Um products and Sunrich's price to Trader Joe's for these products) is the sort

ORDER -- 4

of cost data that can be a trade secret under O.R.S. § 646.461(4)" (internal quotation omitted). This court has concluded that this is information that defendant was entitled to possess and would undoubtedly have been aware of if it chose to compete with plaintiff under the relevant packing agreement. Therefore, the court denies plaintiff's request for attorney fees.

### 2.    Costs

The Ninth Circuit ruled that this court's award of $5,000 in costs to plaintiff when plaintiff requested more than $36,000 was an abuse of discretion. *See Sunrich Food Group*, 2006 WL 2927408, at *5.

While acknowledging that disallowing expenses of depositions not used at trial is within the district court's discretion, and therefore approving this court's decision to sustain defendant's renewed objection to costs associated with discovery depositions, the Ninth Circuit noted that this accounted for a reduction of only "a little over $18,000 of the requested costs." *Id*. The Order of Remand requested that this court "clearly explain" reasons underlying any decision to further reduce the cost award. *Id*. at *6.

This court has scrutinized the remaining objections to plaintiff's requested costs. No further reduction of costs is warranted. Accordingly, the remaining objections are overruled, and plaintiff is awarded $11,775.00, its costs as requested minus $18,000 claimed for discovery depositions.

## CONCLUSION

Based on the foregoing, this court concludes that plaintiff's Motion and Application for Attorney Fees, Costs, and Expenses [633], plaintiff's Amended Motion for Attorney Fees Pursuant to the Oregon Uniform Trade Secrets Act and the Court's March 24, 2005 Order [685],

ORDER -- 5

and plaintiff's Supplemental Motion for Attorney Fees, Costs, and Expenses [736] are denied in

part and granted in part as follows: plaintiff Sunrich is entitled to an award of costs in the amount

of $11,775.00.

IT IS SO ORDERED.

DATED this__10__ day of May, 2007.


_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge

ORDER -- 6